UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| Felicia Ann Moten, | ) | Civil Action No.: 8:17-cv-1760-AMQ |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | |
| | ) | |
| | ) | **ORDER AND OPINION** |
| Nancy A. Berryhill, Acting | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

This is a Social Security appeal brought pursuant to 42 U.S.C. § 405(g) in which Plaintiff Felicia Ann Moten ("Plaintiff") seeks judicial review of the final decision of the Acting Commissioner of Social Security ("Commissioner") denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 D.S.C., this matter was referred to a United States Magistrate Judge for pre-trial handling. The Magistrate Judge issued a Report and Recommendation ("Report") on July 25, 2018, recommending that the Commissioner's decision be affirmed. (ECF No. 26.) Plaintiff filed objections to the Report ("Objections") on August 8, 2018 (ECF No. 28), and the Commissioner filed her Reply on August 22, 2018. (ECF No. 29.) The Court has reviewed Plaintiff's Objections, but, in light of the record, finds them to be without merit. Therefore, the Court adopts the Report of the Magistrate Judge and affirms the decision of the Commissioner, as further explained below.

I. **FACTUAL AND PROCEDURAL BACKGROUND**

The Report sets forth in detail the relevant facts and standards of law on this matter, and the Court incorporates them and summarizes below in relevant part. Plaintiff filed applications

1

for DIB and SSI in July 2013. Plaintiff alleges a disability onset date of September 28, 2012. (Tr. at 14.) The application was denied initially and upon reconsideration by the Social Security Administration. (Tr. at 14.) Plaintiff requested a hearing before an Administrative Law Judge ("ALJ") and the ALJ heard testimony at a hearing on November 24, 2015, including testimony from Vocational Expert ("VE") Carroll H. Crawford. (Tr. at 14.) On July 14, 2016, the ALJ issued a ruling and found that Plaintiff was not under a disability as defined by the Social Security Act. (Tr. at 15-41.) The Social Security Appeals Council denied Plaintiff's request for review on June 1, 2017 (Tr. at 1), making the ALJ's decision the final decision of the Commissioner. Plaintiff subsequently filed an action in this Court on July 6, 2017. (ECF No. 1.)

## II. REPORT AND RECOMMENDATION

The Magistrate Judge recommends affirming the ALJ's decision. (ECF No. 26 at 29.) The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the Court may accept, reject or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to him with instructions. 28 U.S.C. § 636(b)(1). "However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case the Court is free, after review, to accept, reject, or modify any of the magistrate

judge's findings or recommendations." *Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (internal citations omitted).

In the Report, after setting forth the applicable law and facts, the Magistrate Judge considered Plaintiff's argument that the ALJ did not properly consider all of the evidence in the record with respect to her mental impairments, failed to properly weigh her credibility regarding her pain complaints, provided the Vocational Expert ("VE") an inadequate hypothetical and failed to provide a proper Residual Functional Capacity ("RFC") supported by substantial evidence. (ECF No. 26 at 17.) The Magistrate Judge noted that Plaintiff's allegations of error all relate to whether substantial evidence supports the ALJ's RFC. Accordingly, the Magistrate Judge reviewed the ALJ's RFC determination to determine whether it is supported by substantial evidence. (ECF No. 26 at 17.) The Magistrate Judge noted that the ALJ followed the applicable law in making findings about Plaintiff's credibility, addressing her impairments in combination and in articulating his reasons so that the reviewing court can be assured that all record evidence was considered. (ECF No. 26 at 26-27.) In finding that the ALJ's RFC determination is supported by substantial evidence, the Magistrate Judge also recommends this Court find no error in the hypothetical provided to the VE, as it was based on Plaintiff's medically established impairments. (ECF No. 26 at 29.) In conclusion, the Magistrate Judge recommends the Commissioner's decision be affirmed. (ECF No. 26 at 29.)

### III. PARTIES' RESPONSE

Plaintiff filed Objections to the Report on August 8, 2018. (ECF No. 28.) Plaintiff argues that: (1) Plaintiff's ability to perform household activities does not necessarily equate to an ability to engage in substantial gainful activity on a regular and sustained basis; (2) the Magistrate Judge relies on isolated information in the record to justify her conclusion; (3) the

Magistrate Judge erroneously concludes that there is substantial evidence in the record to support the ALJ's decision that Plaintiff does not need a handheld assistive device for balance; and (4) the questions to the VE did not include all of the functional limitations established by the record. (ECF No. 28.)

The Commissioner filed a response to Plaintiff's Objections, requesting this Court affirm the final administrative decision by adopting the Report. (ECF No. 29.)   The Commissioner highlights that Plaintiff's objections reargue the same issues briefed before the Magistrate Judge and argues that the Magistrate Judge appropriately considered Plaintiff's contentions. (ECF No. 29 at 2.) The Commissioner contends that Plaintiff failed to identify any credible legal errors in the Magistrate Judge's Report. (ECF No. 29 at 2.)

## IV.   DISCUSSION OF THE LAW

### A.  STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one.  Under 42 U.S.C. § 405(g), the court may only review whether the Commissioner's decision is supported by substantial evidence and whether the correct law was applied.  *See* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."); *Myers v. Califano*, 611 F.2d 980, 982 (4th Cir. 1980).  "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see, e.g., Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966). This standard precludes *de novo* review of the factual circumstances that substitutes the Court's findings of fact for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971).  Accordingly, "the court [must] uphold the [Commissioner's] decision even

should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

Although the federal court's review role is a limited one, "it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Further, the Commissioner's findings of fact are not binding if they were based upon the application of an improper standard or misapplication of the law. *Coffman v. Bowen*, 829 F.2d 514, 519 (4th Cir. 1987). "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58. In order for a reviewing court to determine whether the Commissioner based a decision on substantial evidence, "the decision must include the reasons for the determination . . . ." *Green v. Chater,* 64 F.3d 657, 1995 WL 478032, *2 (4th Cir. 1995) (citing *Cook v. Heckler*, 783 F.2d 1168, 1172 (4th Cir. 1986)).

B.     ANALYSIS AND DISCUSSION

The Agency has established a five-step sequential evaluation process for determining if a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a). The five steps are: (1) whether the claimant is currently engaging in substantial gainful activity; (2) whether the claimant has a medically determinable severe impairment(s); (3) whether such impairment(s) meets or equals an impairment set forth in the Listings; (4) whether the impairment(s) prevents the claimant from returning to his past relevant work; and, if so, (5) whether the claimant is able to perform other work as it exists in the national economy. 20 C.F.R. §§ 404.1520(a)(4)(i)-(v), 416.920(a)(4)(i)-(v); *see Woods v. Berryhill*, 888 F.3d 686, 689 (4th Cir. 2018). It is Plaintiff's duty both to

produce evidence and prove she is disabled under the Act. *See Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995)("The applicant bears the burden of production and proof during the first four steps of the inquiry."). Nevertheless, the ALJ is to develop the record and where he "fails in his duty to fully inquire into the issues necessary for adequate development of the record, and such failure is prejudicial to the claimant, the case should be remanded." *Marsh v. Harris*, 632 F.2d 296, 300 (4th Cir. 1980).

Here, the ALJ found that Plaintiff had the following severe impairments: lumbosacral degenerative disc disease (DDD); chronic post-traumatic bilateral sacroiliitis; chronic pain syndrome and neuropathy; degenerative joint disease (DJD) of the right carpometacarpal (CMS) joint; iliotibial band syndrome; plantar fasciitis; degenerative arthritis of the first metatarsophalangeal (MTS) joint; de Quervain's disease; and myopia, astigmatism, and presbyopia. (Tr. at 18.) The ALJ found that Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1. (Tr. at 22.) He considered the entire record and limitations and restrictions attributable to medically determinable impairments in finding Plaintiff has the RFC to perform light work with some limitations. (Tr. at 24-25.) The decision reflects that the ALJ gave careful attention to Plaintiff's medical records and the opinion evidence in the record. Ultimately, the ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely supported for the reasons explained…." (Tr. at 36.) The ALJ concluded that Plaintiff could not perform past relevant work. (Tr. at 39.) However, the ALJ determined that considering Plaintiff's age, education, work experience, and RFC, there are jobs

that exist in significant numbers in the national economy that Plaintiff can perform. (Tr. at 39.) Thus, Plaintiff was adjudged not disabled under the Social Security Act. (Tr. at 41.)

The Magistrate Judge thoroughly outlined the ALJ's discussion and analysis of Plaintiff's RFC assessment, Plaintiff's mental limitations, Plaintiff's subjective reports of symptoms such as pain as well as the ALJ's conclusions. The Court ultimately agrees with the Magistrate Judge that the ALJ's RFC analysis and determination is supported by substantial evidence and complies with the applicable law. The ALJ's RFC assessment includes a narrative discussion describing and citing the evidence that supports the ALJ's conclusions. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016). Plaintiff's objections fail to point to any legal or factual error in the Magistrate Judge's report. The Magistrate Judge's Report reflects her attention to the entirety of the record and application of the appropriate standards which defer to the ALJ's credibility determinations and other assessments. After careful consideration, the Court overrules Plaintiff's Objections, which are largely repetitive of arguments previously made before the Court and fully considered by the Magistrate Judge.

The ALJ was tasked with weighing the conflicting evidence and the opinions of all medical sources. 20 C.F.R. § 404.1527(b)(evaluating opinion evidence for claims filed before March 27, 2017); *see Brown v. Comm'r Soc. Sec. Admin.*, 873 F.3d 251, 255 (4th Cir. 2017). Ultimately, it is the task of the ALJ, not this Court, to make findings of fact and resolve conflicts in the evidence. *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). "It is not within the province of this [C]ourt to determine the weight of the evidence; nor is it [the Court's] function to substitute [its] judgment for that of [the Commissioner] if his decision is supported by substantial evidence." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). In other words, the Court "must sustain the ALJ's decision, even if [it] disagree[s] with it, provided the

determination is supported by substantial evidence." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). Of course, "judicial review of an administrative decision is impossible without an adequate explanation of that decision by the administrator," but here, the ALJ set forth an adequate explanation of the RFC analysis and the basis for his conclusion such that this Court can confirm that all record evidence was considered. *See DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983); *see also Radford v. Colvin*, 734 F.3d 288, 295 (4th Cir. 2013). After undertaking a *de novo* review, the Court agrees with the Magistrate Judge that there is substantial evidence in the entire record that supports the ALJ's decision.

## V. CONCLUSION

For the reasons set forth above, the Court finds there is substantial evidence to support the ALJ's conclusion Plaintiff was not disabled under the Act during the relevant time period and the ALJ's decision is free from reversible legal error. Further, the determination is reasonable. Thus, after a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court overrules Plaintiff's Objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court the Commissioner's final decision denying Plaintiff's claims is **AFFIRMED**.

**IT IS SO ORDERED.**

/s/ A. Marvin Quattlebaum, Jr.
United States District Judge

August 29, 2018
Greenville, South Carolina